[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO FOR PREJUDGMENT REMEDY
This case is but one facet of the many disputes existing between the Montanaro family on the one side and Gorelick families on the other. CT Page 2962
The present action is a suit by Emily Montanaro, as executrix of the estate of her mother, Ellen Berty, against her nephews, Dennis Gorelick and Glenn Gorelick individually and trustees and others, to set aside certain conveyances of property as being fraudulent conveyances. The present proceeding is an application for a prejudgment remedy with respect to claims asserted by Emily Montanaro.
The case has its genesis in a law suit brought in September of 1993 and Emily Montanaro, as executrix of the estate of her mother, obtained a judgment in the amount of $147,712.06 against the defendant Dennis Gorelick. The factual bases for the judgment was that Dennis Gorelick occupied a fiduciary position with respect to his grandmother Ellen Berty and could not account for withdrawls of funds amounting to over $147,000. Dennis Gorelick, who now claims to be insolvent, transferred various parcels of real property and the plaintiff now seeks to set aside those transfers as being fraudulent.
It appears that in 1993 Dennis Gorelick did own sufficient assets so that he would be able to pay the judgment eventually rendered in the law suit brought by Mrs. Montanaro. It appears that in 1992, well before the law suit was brought in September 1993, Mrs. Montanaro's son spoke with Dennis Gorelick and advised him that they wanted to review records with respect to his handling of the funds of Ellen Berty. There were apparently few records involving the financial transactions and Mrs. Montanaro's son told Dennis Gorelick that he was going to track down the records and that if there are any problems he would take action. Dennis Gorelick also testified that he never anticipated that a judgment would be rendered against him in the suit by Emily Montanaro and testified that he lost the law suit because he was unable to produce records concerning the financial transactions. Under such circumstances it is clear that a judgment against Dennis Gorelick could be well be anticipated. In addition, Dennis Gorelick's wife, from whom he is now separated and involved in divorce proceedings, testified that Dennis Gorelick specificially told her on a number of occasions that he wanted to divest himself of assets so that creditors would be unable to get at the property. Under such circumstances a trier of the fact could well find that Dennis Gorelick transferred property with the actual intent to defraud creditors.
It appears that in May of 1993 a few months before the law suit was actually brought Dennis Gorelick transferred property relating CT Page 2963 to Boston Avenue to himself as trustee for his children. That transfer was made without consideration. The Boston Avenue property relates to a partnership established by Ellen Berty in which the Montanaros and the Gorelicks are partners. The transfer by Dennis Gorelick to himself as trustee related to a one fifth interest in that property. The property was subsequently transferred by Dennis Gorelick trustee to Glenn Gorelick as trustee for Glenn Gorelick's children. Glenn Gorelick asserts that property was transferred to Dennis Gorelick and that assets were transferred to Dennis Gorelick which constitute reasonably equivalent value as that phrase is utilized in General Statutes § 52-552i. However under that statute a transfer is not voidable against a person "who took in good faith and for a reasonably equivalent value". Under the facts as presented, there is a sufficient basis for a belief on the part of the plaintiff that Glenn Gorelick as trustee does not comply with the "good faith" requirement of the statute.
There is also a transfer by Dennis Gorelick relating to property referred to as "Southbury property" of a one third of interest to Gail Gorelick, the wife of Glenn Gorelick. Prior to the transfer Dennis Gorelick, Glenn Gorelick and Mike Montanaro, Emily Montanaro's son, each owned a one third interest in the Southbury lot. There was testimony that a one third interest was transferred by Dennis Gorelick in recognition of, and in payment, for the considerable services provided by Glenn Gorelick with respect to the development of the entire subdivision of which the Southbury lot was the only remaining property. However, when Dennis Gorelick filed for bankruptcy he listed a $34,000 debt owed to him by Glenn Gorelick and, for certain Periods of time. Dennis Gorelick had paid the share of mortgage payments on the property owned by Dennis Gorelick. Under such circumstances there is again a reasonable basis to justify a prejudgment remedy.
There is also a transfer of a 50% interest in real property owned by Dennis Gorelick. The 50% interest in the property was acquired by Dennis Gorelick as a result of the death of a relative and Dennis Gorelick specifically told this wife that he wanted the transfer to be effective so that the creditors would not be able to reach the property. The transfer was made shortly after he acquired the interest in the property.
The standard upon which the court reviews the request for a prejudgment remedy is whether there is probable cause to sustain the validity of the plaintiff's claim. Probable cause is a bona fide belief in the existence of facts essential under the law for CT Page 2964 the action and such as would warrant a man ordinary caution to entertain it. A prejudgment remedy is not a full scale trial on the merits and the court's role is to determine probable success by weighing probabilities. See such cases as Three S DevelopmentCo. v. Santore, 193 Conn. 174, 175-76 (1984).
The defendants have asserted that the claim of the plaintiff is not viable because of a statute of limitations defense. However, Dennis Gorelick had filed for bankruptcy and the order issued by Judge Schiff, in November 1997, specifically provides that "the Debtor, Dennis Gorelick having waved any defense relying on the statute of limitations to the claim of fraudulent coveyances shall be estopped from asserting such defense in the state court against the movant Emily Montanaro in her suit against Dennis Gorelick". In December of 1997, the first day of the three days upon which the above entitled was heard, Dennis Gorelick did not appear and the court ordered a prejudgment remedy with respect to the Florida property. The evidence in the case merely confirms that order.
Accordingly the court finds that there is probable cause to the sustain the validity claims with respect to the one fifth interest in the Boston Avenue property transferred by Dennis Gorelick to himself as trustee; with respect to the transfer of the one third interest in the Southbury property and with respect to the transfer of the West Palm Beach property. Accordingly the counsel for the plaintiff is directed to prepare appropriate orders for signature by the court with respect to those properties.
Originally the plaintiff claimed a prejudgment remedy with respect to a one fifth interest in the Boston Avenue property which was in the name of Dennis Gorelick as trustee for Glenn Gorelick since the early 70's. Subsequently the property was transferred by Dennis Gorelick, at the request of Glenn Gorelick to Glenn Gorelick as trustee for his children. The plaintiff has withdrawn that claim and the court finds that there is no basis for a prejudgment remedy with respect to that transfer.
RUSH, JUDGE